IN THE MATTER OF THE APPLICATION OF THE DEPARTMENT OF PUBLIC WORKS, FOR AND ON BEHALF OF THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RELATIVE TO THE OPENING OF ONE HUNDRED AND SIXTIETH STREET, BETWEEN THE KINGS BRIDGE ROAD AND ELEVENTH AVENUE.

*Dedication of land for a street — an intention to dedicate the land and an acceptance are necessary.*

In this proceeding, instituted to acquire title to certain land lying in One Hundred and Sixtieth street, between Eleventh avenue and the Kings Bridge road, nominal damages only were awarded for the land taken, and no award was made for the buildings situated on the land, upon the ground that there had been a dedication of the land in the proposed street and that the buildings were erected thereon. The deed under which the respondent claimed title conveyed a piece of property commencing on the north-east corner of Tenth avenue and One Hundred and Sixtieth street; running thence northerly along Tenth avenue, to the southerly side of an old lane; thence easterly along the southerly side of the lane to the westerly side of the Kings Bridge road; thence southerly along the westerly side of the Kings Bridge road to the northerly side of One Hundred and Sixtieth street; thence westerly along the said northerly side of One Hundred and Sixtieth street to the place of beginning; and, also, all the right and title in and to One Hundred and Sixtieth street, sixty feet on the southerly boundary of said line intended to be conveyed hereby, and extending from Tenth avenue to the Kings Bridge road, as aforesaid.

Upon this strip of land, referred to as One Hundred and Sixtieth street, which it was proposed to take in this proceeding, it appeared that there were houses of which the grantor had possession prior to the deed, and into possession of which the respondent went upon receipt of his deed, and in possession of which he has ever since remained, collecting the rents therefrom.

*Held,* that in order that there should be a complete dedication, such dedication must be accepted by the public, and until such acceptance takes place an attempted dedication does not become complete and is revocable.

That the fact that there were buildings upon the line of the proposed street, and that the respondent was in possession of the land and buildings, exercising the rights of ownership and never surrendering his control of the land in question, was inconsistent with any theory of such land having been dedicated for the purpose of a street, or with any intention that there should be such dedication thereof.

That the evident intent expressed in the deed to convey every right which the grantor had to the grantee, and of the grantee to retain all that the grantor conveyed, showed that no dedication of such land was intended, and that the

mere fact that the parties were uncertain as to what rights they might have in the land covered by the proposed street which had never been opened, and the land on which had never been condemned, did not justify a claim that such land had been dedicated for public purposes.

APPEAL from an order of the New York Special Term refusing to confirm the report of the commissioners of estimate and assessment for the opening of One Hundred and Sixtieth street, in the city of New York, and referring the same back to the commissioners for the purpose of having them make substantial awards to the respondent William F. Buckley.

*Carroll Berry*, for the appellant.

*John C. Shaw*, for the respondent.

VAN BRUNT, P. J.:

Proceedings having been duly instituted by the mayor, etc., to acquire title to the land lying in One Hundred and Sixtieth street, between the Eleventh avenue and Kings Bridge road, the commissioners, who were duly appointed, filed an abstract of their estimate and assessment, and duly advertised for objections to the same.  As appears by this abstract, only a nominal award was made for the land, and no award was made for the buildings situate on the land on One Hundred and Sixtieth street, between the Tenth avenue and the Kings Bridge road.  Objections were duly made and filed by William F. Buckley, who claimed to own the building in One Hundred and Sixtieth street, between Tenth avenue and the Kings Bridge road.  The commissioners, in their final report, refused to make any award either for the land or the buildings, claiming that there had been a dedication of the land in the street and the buildings erected thereupon.  Upon presentation of their report, this question was decided in favor of the objector, and an order was made referring the matter back to the commissioners for revision and correction, and from the order thus made the city appeals.

The only question is whether there was, upon the facts proved, a dedication of the land lying in One Hundred and Sixtieth street to public use.  It is claimed, upon the part of the city, that by the deed under which Mr. Buckley, the objector, took title, a

dedication of such land was worked. The deed, under which the respondent claims title, conveyed a piece of property commencing on the north-east corner of Tenth avenue and One Hundred and Sixtieth street, running thence northerly along Tenth avenue to the southerly side of an old lane; thence easterly along the southerly side of the lane to the westerly side of the Kings Bridge road; thence southerly along the westerly side of the Kings Bridge road to the northerly side of One Hundred and Sixtieth street; thence westerly along the said northerly side of One Hundred and Sixtieth street to the place of beginning; and, also, all the right and title in and to One Hundred and Sixtieth street, sixty feet on the southerly boundary of said line, intended to be conveyed hereby, and extending from Tenth avenue to the Kings Bridge road, as aforesaid. Upon this strip of land, it appears there were houses of which the grantor had possession prior to the deed, and into possession of which Mr. Buckley went upon the receipt of his deed, and in possession of which he has ever since remained collecting the rents therefor.

Under these circumstances, it is claimed that such a dedication arose as precluded the owner of the fee of the street from receiving any substantial award, either for the land or the houses standing thereon. A large number of authorities are cited to show that there had been a complete dedication, but none of them sustain the broad proposition, as claimed by the appellant in the case at bar, except, perhaps, the case, *In the Matter of the Opening of Seventy-fourth Street* (decided at the May General Term, 1883, not reported).

The rule seems to have been long established that in order that there may be a complete dedication, such dedication must be accepted by the public, and until such acceptance takes place such attempted dedication has not become complete and is revocable. That such is the rule is clearly recognized *In the Matter of the City of Brooklyn* (73 N. Y., 185). The principle that a dedication of lands for the public use is not perfect so as to divest the owner of his absolute dominion over them until accepted by the public is, as has been said, clearly recognized, and in that case all the force and effect that was given to a provision in a deed somewhat similar to the one at bar was to throw the *onus* upon the claimant for compensation of showing that because of non-acceptance it was not in fact a street by dedication or otherwise.

The evidence in the case at bar clearly fulfills this condition.. There were buildings upon the line of the proposed street. The objector was in possession of the lands and buildings exercising rights of ownership, and never surrendering his control of the land in question. Under such circumstances it seems to be difficult to understand how it was possible that there could have been a dedication, and certainly there is no evidence of an acceptance of such dedication upon the part of the public.

There is another view to be taken of this case which is fatal to the appellant's position, and which has not been considered in any of the cases to which our attention has been called, except in one case, which will be hereafter mentioned. Every instrument is to be construed according to the intent of the parties. If the parties to a deed clearly did not intend that there shall be a dedication of any part of the land embraced in a deed to a public use, there seems to be no principle of law upon which such a dedication can be claimed. In the case at bar there is an evident intent to convey every right which the granter has to the grantee, and an evident intent upon the part of the grantee to retain all that the grantor has to convey, and no intent manifest from the instrument that a gift for public use is. to be made, but on the contrary it is apparent that it was intended that no such gift or dedication should arise. It is difficult, therefore, to see upon what principle a dedication can be claimed, simply because the parties are uncertain in regard to what rights they may actually possess to the land covered by the proposed street which never has been opened, and the land on which has never been condemned. It may be claimed that this view is in direct conflict with the previous decision of this court *In the Matter of Seventy-fourth. Street*, above mentioned. But the facts in that case were somewhat dissimilar, although it is difficult to distinguish, yet if it holds contrary to the principles above enunciated, it should not be followed.

The rule that the intention of the parties in reference to the scope of an instrument is to govern, where such intention is plainly manifest upon the face of the instrument itself seems to be too clear to need discussion. In the case at bar the fact that there was no intention to make a dedication of any portion of the land covered by this street to public use seems to be clear, not only from the language of the deed, but also from the acts of the parties. The

principle that the dedication must be accepted is also well established. There cannot be a completed contract between a citizen and the public until such acceptance, and until such contract becomes complete, the right of revocation still remains.

The order should be affirmed, with ten dollars costs and disbursements.

BARTLETT, J., concurred; MACOMBER, J., concurred in the result.

Order affirmed, with ten dollars costs and disbursements